### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Deana L. Gaffney<br>      Debtor(s) | CHAPTER 13 |
| VFS LENDING JV II, LLC<br>      Movant<br>  vs.<br>Deana L. Gaffney<br>      Debtor(s)<br>William C. Miller Esq.<br>      Trustee | NO. 21-11024 AMC<br><br>11 U.S.C. Section 362 |

### MOTION OF VFS LENDING JV II, LLC
### FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER SECTION 362

1. Movant is VFS LENDING JV II, LLC.

2. Debtor(s) is/are the owner(s) of the premises 533 Fern Street, Yeadon, PA 19050, hereinafter referred to as the mortgaged premises.

3. Movant is the holder of a mortgage, original principal amount of $65,985.00 on the mortgaged premises that was executed on February 10, 2015. The mortgage has been assigned as follows:

    Visio Financial Services, Inc. to VFS LENDING JV II, LLC at Instrument Number 2015033789 filed on July 2, 2015

4. William C. Miller Esq., is the Trustee appointed by the Court.

5. Pursuant to the terms of the aforementioned Note, the maturity date of the loan was March 1, 2018, at which time the entire principal and all unpaid interest and other amounts due under the Note were due and payable to Movant.

6. Pursuant to Occupancy Affidavit executed by the debtor along with the Note and Mortgage, the Property was and is intended to be an Investment Property and that the Property will not be occupied or claimed as a Primary or Secondary Residence. A true and correct copy of the Occupancy Affidavit is attached hereto as Exhibit A.

7. Pursuant to the Business Purpose Affidavit executed by the debtor along with the Note and Mortgage, the loan was intended solely for business or commercial purpose. A true and correct copy of the Business Purpose Affidavit is attached hereto as Exhibit B.

8. However, within her voluntary bankruptcy petition, Debtor states that the Property is her primary residence, despite the Occupancy Affidavit and Business Purpose Affidavit.

9. On or about April 29, 2016, a foreclosure action was filed against Debtor in the Delaware County Court of Common Pleas under docket CV-2016-003716.

10. The foreclosure action was ultimately contested by Debtor, who was represented by counsel.

11. The foreclosure action was resolved via a Consent Judgment, which was signed by attorneys for both parties on July 19, 2017.

12. The Consent Judgment provided that Debtor shall bring all property taxes current by November 1, 2017.

13. However, Movant has still been required to advance property taxes, including a significant disbursement of approximately $20,480.98 on or about October 21, 2020.

14. The Consent Judgment also agreed that any Sheriff's Sale would not be scheduled for a date prior to March 16, 2018.

15. On December 5, 2017, a Writ of Execution was entered, and a Sheriff's Sale was scheduled for March 16, 2018.

16. On December 13, 2017, Debtor filed a Chapter 13 Bankruptcy under case number 17-18388 AMC.

17. This bankruptcy filing caused the March 16, 2018 sale to be stayed.

18. On February 5, 2018, the bankruptcy was dismissed for failure to file documents after two deadline extensions were granted by this Court.

19. A second Writ of Execution was obtained on February 26, 2018.

20. A second Sheriff's Sale was scheduled for June 15, 2018.

21. This Sheriff's Sale was forced to be postponed due to a second bankruptcy case, 18-13983 AMC, which was filed on June 14, 2018, the day before the sale.

22. After two postponements, the second Sheriff's Sale was ultimately stayed due to the prior

bankruptcy.

23. That second bankruptcy filing was dismissed on February 4, 2019 due to Debtor's failure to make trustee payments.

24. The second bankruptcy was never confirmed.

25. In the second bankruptcy, Movant had filed an *in rem* Motion for Relief; however, it was ruled upon as moot due to the dismissal of the bankruptcy.

26. Movant now files this *in rem* Motion for Relief as it is believed and therefore averred that Debtor has commenced this bankruptcy filing and the prior bankruptcy filing in bad faith as part of a scheme to hinder and delay Movant from exercising its rights granted in the Note and Mortgage.

27. Pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, the Court may grant relief from stay where there is lack of adequate protection of an interested party, and where the debtor does not have an equity in the property, and such property is not necessary to an effective reorganization.

28. Movant believes and therefore avers that the successive bankruptcy filings without any intention of reorganization upon review of the "totality of the circumstances", constitutes "bad faith" under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C.A. §1307( c), 1325(a)(3). *In re Dami*, 172 B.R. 6 (Bankr..E.D.Pa. 1994); *citing*, i.e., *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir.1994); *In re Gier*, 986 F.2d 1326, 1329 (10th Cir.1993); *In re Love*, 957 F.2d 1350, 1354 (7th Cir.1992); *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir.1982); *In re March*, 83 B.R. 270, 274 (Bankr.E.D.Pa.1988).

29. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors. *In re Casse*, 198 F.3d 327, 332 (2d Cir.) 1999) (*quoting In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)).

30. The Court's ability to impose the sanction of a prospective bar against refiling is necessary to maintain the integrity of the bankruptcy process and avoid burdening the court's docket with frivolous cases, thereby depleting valuable and limited court resources which could be channeled to meritorious cases. *In re Privitera*, No. 03-14601DWS, 2003 WL 21460027, at *4 (Bankr. E.D. Pa. June 12, 2003).

31. An *in rem* relief order is necessary so that no other bankruptcies by any party will stay

32. There are adequate grounds for the Court to grant Movant relief from the automatic stay in this case.

33. Debtor's Schedule A/B lists the value of the property as $170,000.00.

34. However, Movant's Proof of Claim states a total debt amount of $265,639.89.

35. Thus, there is no equity in the property, and Movant is not adequately protected.

36. Further, as outlined above, Movant is not adequately protected as it has been required to advance property taxes.

37. Debtor's bankruptcy does not adequately provide for Movant's claim or prepetition arrears, and, therefore, Movant must be afforded stay relief.

38. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and legal costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

39. This motion and the averments contained therein do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the mortgage and applicable law.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Mortgage.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

5. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy.

/s/ Rebecca A. Solarz, Esq.
_____

Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant